The Honorable Jimmy Jeffress State Senator Post Office Box 904 Crossett, Arkansas 71635-0904
Dear Senator Jeffress:
I am writing in response to your request for an opinion on the following questions:
 1. Does the Arkansas General Assembly have the authority to enact legislation requiring the Arkansas Game and Fish Commission to make payments in lieu of taxes to any affected Arkansas School District and/or political subdivision of the State when the Commission purchases land situated within such a local school district?
 2. Would such payments in lieu of taxes be a proper usage of revenue belonging to the Commission and/or the State of Arkansas?
RESPONSE
In my opinion, the answer to your first question is in all likelihood "no." Although there are no Arkansas cases on point, other courts have rejected legislative attempts to require so-called "payments in lieu" by public owners of property, reasoning that such payments constitute an indirect attempt to tax public property which is otherwise exempt from taxation under the constitution. This conclusion would appear to render moot your second question. I will note, however, that Amendment 35 to the Arkansas Constitution plainly proscribes the redirection of Commission funds to purposes other than those listed in the amendment. *Page 2 
Question 1 — Does the Arkansas General Assembly have the authority toenact legislation requiring the Arkansas Game and Fish Commission tomake payments in lieu of taxes to any affected Arkansas School Districtand/or political subdivision of the State when the Commission purchasesland situated within such a local school district?
I assume such legislation would be for the primary purpose of raising revenue to offset the loss of tax revenue sustained by the school district or political subdivision as a consequence of the Game and Fish Commission ("Commission") acquiring otherwise taxable property.[1] One of my predecessors addressed a similar question concerning the validity of a statute — A.C.A. § 14-234-115 — that requires certain cities to make payments in lieu of taxes to school districts in which water improvements are located. Op. Att'y Gen. 98-115. The water impoundment in question was constitutionally exempt from property taxes, in accordance with Ark. Const. art. 16, § 5, supra at n. 1. After noting the absence of any Arkansas case on point, my predecessor observed that "[t]he courts of several other states have addressed similar questions . . . and appear in each case to strike down the levy." Op. Att'y Gen.98-115 at 4.
My review confirms this observation. The essential principle was identified thus by the Nebraska Supreme Court: "the Legislature cannot circumvent an express provision of the Constitution by doing indirectly what it may not do directly." Nebraska Public Power District v. HersheySchool District, 207 Neb. 412, 417, 299 N.W.2d 514 (1980). See also Gameand Fish Comm. v. Feast, 157 Colo. 303, 312, 402 P.2d 169 (1965) (regarding "school fees" to be paid by Colorado Game and Fish Commission based on game and fish lands, stating that "[t]he legislation is an attempt by the legislature to do indirectly what cannot be done directly. It seems apparent that the proposed fees are to replace the taxes that had been paid by individuals who owned the property before it was acquired by the Game and Fish Commission.")
The controlling principle is also reflected in my predecessor's discussion of cases from Idaho and Texas:
 In Idaho, a statute provided for "payments in lieu of taxes" to be made to the counties by the state Fish and Game Department on land *Page 3 
it owned. The Idaho Supreme Court struck down the statute, stating that: "Chapter 85 appears to be an effort to provide by indirection for taxation by the counties of state lands. It seeks to accomplish the same result as taxation." Robb v. Nelson, 71 Idaho 222, 229 P.2d 981, 983 (1951). The court also stated that: "Under our constitutional provision, the legislature cannot, either directly or indirectly, tax or authorize the taxation of public property, or provide for the same result, and cannot waive the exemption provided for in the constitution and voluntarily pay taxes on public property." Id. at 984. See also, to the same effect, Lower Colorado River Authority v. Chemical Bank Trust Co., 144 Tex. 326, 190 S.W.2d 48 (1945) (stating: "LRCA is a governmental agency servicing a public purpose in controlling and storing the flood waters of the Colorado River and that all benefits derived from its efforts are public benefit. Hence, its property is public property devoted exclusively to public use and is exempt from taxation under Art. XI, Sec. 9, of the constitution; and the proviso contained in Sec. 4a, Art. 7150, supra, requiring payments `in lieu of taxes,' is void because contrary to the Constitution")
Op. 98-115 at 4-5.
Based on the apparent weight of authority on the issue, the answer to your first question is in all likelihood "no," in my opinion.
Question 2 — Would such payments in lieu of taxes be a proper usage ofrevenue belonging to the Commission and/of the State of Arkansas?
A response to this question appears unnecessary in light of the above. It bears noting, however, that Amendment 35 to the Arkansas Constitution plainly proscribes the redirection of Commission funds to purposes other than those listed in the amendment. Op. Att'y Gen. 2006-169. Section 8 of Amendment 35 provides in pertinent part:
 The fees, monies, or funds arising from all sources by the operation and transaction of the said Commission and from the application and administration of the laws and regulations pertaining to birds, game, fish and wildlife resources of the State and the sale of property used *Page 4 
for said purposes shall be expended by the Commission for the control, management, restoration, conservation and regulation of the birds, fish and wildlife resources of the State, including the purchases or other acquisitions of property for said purposes and for the administration of the laws pertaining thereto and for no other purposes. All monies shall be deposited in the Game Protection Fund with the State Treasurer and such monies as are necessary, including an emergency fund, shall be appropriated by the Legislature at each legislative session for the use of the Game and Fish Commission as hereto set forth. No monies other than those credited to the Game Protection Fund can be appropriated.
Ark. Const. amend. 35, § 8.
Amendment 35 therefore requires that Commission funds must be "expended by the Commission for the control, management, restoration, conservation and regulation of the birds, fish and wildlife resources of the State" and for "no other purposes." The Arkansas Supreme Court has stated in this regard:
 Although appropriations must come from the General Assembly, money received from sources mentioned in the Amendment is not available — even with legislative approval — for any uses other than those expressed or necessarily implied. . . .
W.R. Wrape Stave Co. v. Ark. Game Fish Comm., 215 Ark. 229, 234, S.W.2d 948 (1949). See also Arkansas Game and Fish Commission v.Edgmon, 218 Ark. 207, 209, 235 S.W.2d 554 (1951) (quoting the above excerpt from Wrape Stave Co., and further pronouncing: "Appellant is correct in saying that the General Assembly cannot disburse Game and Fish funds. It should, as the Amendment contemplates, make appropriations to carry into effect the will of the people who adopted the instrument as a part of our Constitution; but in doing this the fundamental intent must be kept in sight.")
Thus, even if it is assumed that the "payments in lieu of taxes" contemplated by your first question do not contravene the tax exemption accorded by Ark. Const. art. 16, § 5, it seems that Amendment 35 will likely prevent such payments from Commission funds. *Page 5 
Deputy Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL, Attorney General
[1] "Public property used exclusively for public purposes" is exempt from taxation pursuant to Ark. Const. art. 16, § 5(b). *Page 1